THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AZZEDINE LATTAB,                          )
                    Plaintiff             )
                                          )
                                          )     CIVIL ACTION FILE NO.
V.                                        )
                                          )
THOMAS RIDGE, as Secretary of the Department )
of Homeland Security; EDUARDO AGUIRRE,    )    **04   11424   NG**
Director of the U.S. Citizenship & Immigration )
Services; PAUL NOVAK, as Center Director of the )
U.S. Citizenship & Immigration Services for )
Vermont Service Center,                   )
                    Defendants            )

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR WRIT IN THE NATURE OF
## MANDAMUS & DECLARATORY JUDGEMENT

NOW comes the Plaintiff, Azzedine Lattab, in the above-captioned matter, and hereby states as follows:

1.   This action is brought against the Defendants to compel action on a properly filed application for permission to reenter after deportation (INS Form I-212). The application was filed with and remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to Plaintiff's detriment.

### PARTIES

2.   Plaintiff, Azzedine Lattab, is a native and citizen of Algeria and has been married to a United States citizen since July 15, 1999. He is also the father of a newborn baby boy, also a United States citizen. Mr. Lattab is also the beneficiary of an approved immigrant visa petition as an immediate relative of a United States citizen spouse.

3.   Defendant Thomas Ridge is the Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 USC §1103(a).   More specifically, the Secretary of the Department of Homeland Security is responsible for the adjudication of applications to reenter after deportation filed pursuant to the Immigration and Nationality Act (INA). The United States Citizenship & Immigration Services (USCIS) is an agency within the Department of Homeland Security (DHS) to whom the Secretary of the Department of Homeland Security's authority has in part been delegated, and is subject to the Secretary of the Department of Homeland Security's supervision.

4.  Defendant Eduardo Aguirre is the Director of the U.S. Citizenship & Immigration Services and an official generally charged with supervisory authority over all operations of the USCIS with certain specific exceptions not relevant here. 8 CFR §103.1(g)(2)(ii)(B).

5.  Defendant Paul Novak, Center Director, is an official of the U.S. Citizenship & Immigration Services (USCIS) generally charged with authority over operations of the Department of Homeland Security within his District with certain specific exceptions not relevant here. 8 CFR §103.1(g)(2)(ii)(B). As will be shown, Defendant District Director is an official with whom Plaintiffs' application to reenter after deportation was properly filed.

## JURISDICTION

6.  Jurisdiction in this case is proper under 28 USC §§1331 and 1361, 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

7.  Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant is located and performs his official duties.

## EXHAUSTION OF REMEDIES

8.  The Plaintiff has exhausted his administrative remedies. The Plaintiff has, through his attorney and other agents has made numerous inquiries concerning the status of the application to no avail.

## CAUSE OF ACTION

9.  The Plaintiff properly filed an application to reenter after deportation, pursuant to INA §212(a)(9)(A)(iii).

10. This application, Receipt No. EAC-04-008-51690, was filed with the USCIS Vermont Service Center on October 8, 2003 and received for processing on October 9, 2003.

11. The defendants have failed to properly adjudicate this application. They have failed to direct responses to the applicant and the applicant's counsel. They have failed to use the parties' correct addresses and they have refused to render a decision in a reasonable amount of time.

12. Defendants have sufficient information and supporting documentation to determine Plaintiffs' eligibility pursuant to applicable requirements and to issue an Approval Notice, however, to date, said application has not been adjudicated.

13. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed and/or have refused to, adjudicate the Plaintiff's application for over nine months, thereby depriving him of the rights to which the Plaintiff is entitled.

14.  The Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

(a)  Specifically, Plaintiff Mr. Lattab has had his application for adjustment of status pursuant to INA §245(i) denied by the local USCIS office in Boston and is thereby required to travel internationally to complete processing of his immigrant visa petition. So long as his Notice of Approval is withheld, his ability to obtain permanent residence in the United States is restricted by federal regulation which requires an alien who has departed the United States to wait for a period of ten years before being able to be reunited with his family. In other words, departure to Algeria for consular processing without the Notice of Approval would render Mr. Lattab inadmissible and keep him in exile from the United States for a period of ten years. INA §212(a)(9)(B)(i)(II), 8 USC § 1182(a)(9)(B)(i)(II).

15.  The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 *et seq.*, are unlawfully withholding or unreasonably delaying action on the Plaintiff's applications and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case.

16.  The Plaintiff has made numerous status inquiries in an attempt to secure adjudication of the application at issue, all to no avail. Accordingly, the Plaintiff has been forced to retain the services of his attorney to pursue the instant action.

PRAYER

17.  WHEREFORE, in view of the arguments and authority noted herein, the Plaintiff's respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a)  requiring Defendants to adjudicate Plaintiffs application forthwith;

(b)  requiring Defendants to provide the Plaintiffs with a Notice of Approval;

(c)  awarding Plaintiffs reasonable attorney's fees; and

(d)  granting such other relief at law and in equity as justice may require.

Respectfully submitted,

*C. Estrada*

Carlos E. Estrada
197 Portland Street, 5th Floor
Boston, Massachusetts 02114
Telephone (617) 742-3030
Facsimile (617) 227-5466
cestradaesq@aol.com
Massachusetts Bar No. 630285

## LIST OF ATTACHMENTS

### ExhibitDescription

A.    Notice of Action from USCIS indicating receipt of application for permission to reenter after deportation dated October 9, 2003 indicating that at the time of filing USCIS was taking 10 to 90 days to process this type of case.

B.    Copy of online inquiry dated February 12, 2004.

C.    Notice of Official Processing Times for I-212 applications that demonstrates they are currently processing cases filed on June 1, 2004 or in less than 90 days